IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CECIL F. HILL, | : | |
| *Plaintiff,* | : | |
| v. | : | Civil No. AMD-03-389 |
| UNITED STATES POSTAL SERVICE, | : | |
| *Defendant.* | : | |
| | : | |

...o0o...

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT

I. Facts

The United States Postal Service purchased its real property, at 301 N. Juniata Street, Havre de Grace, Maryland, by deed dated August 5, 1987. Exhibit 1. The Post Office shares a portion of its Eastern boundary with the western boundary of the property mentioned in plaintiff's complaint.

The fence, subject of this lawsuit, was completed about a week before the Post Office opened. Exhibit 2. The Post Office was constructed and opened for business November 12, 1996. Id.

The real property mentioned in paragraph 3 of the instant Complaint is owned of record by Hill Property, Inc. and was purchased by deed dated October 10, 2001. Exhibit 3. Review of the chain of title fails to disclose ownership by Cecil F. Hill, individual. Id.

Neither plaintiff, Cecil F. Hill, nor Hill Property, Inc. has filed an administrative

tort claim.  Exhibit 4.

## II. Argument

### A. Inverse Condemnation

#### 1. Both Plaintiff and the Record Owner Lack Standing

Pursuant to a taking claim under the Fifth Amendment of the Constitution, Plaintiff must initially show standing.  Maniere v. United States, 31 Fed. Cl. 410, 420 (Fed. Cl. 1994).  Standing is the Constitutional requirement, imposed by the "cases or controversies" provision of Article III, that a plaintiff must allege a judicially cognizable and redressable injury in order to pursue a lawsuit.  Oehrleins v. Hennepin County, 115 F.3d 1372, 1378 (8th Cir. 1997).  Standing, in the context of a taking claim, depends on proof of personal injury.  Plaintiff must plead and prove that it had a requisite interest in the property at issue and the deprivation thereof by the United States.  Maniere, 31 Fed. Cl. at 420.

In this case, plaintiff must demonstrate ownership of the property at the time of the taking.  Mainere, 31 Fed. Cl. at 420.  This is a basic requirement of jurisdiction and if plaintiff fails to establish this point, the court need not go any further in analyzing standing.  Maniere, 31 Fed. Cl. at 420.[1]  A party may not maintain an action for inverse condemnation unless it owned the property at the time of the alleged taking.  United

---

[1] Cecil F. Hill does not have legal title to the property.  Hill Property, Inc. acquired the property by deed dated October 10, 2001.  It is beyond dispute that the fence existed on the property five years prior to the date Hill Properties, Inc. acquired title, Exhibit II.  Therefore, neither plaintiff, nor Hill Property, Inc., may maintain the instant inverse condemnation action.

States v. Dow, 357 U.S. 17, 22 (1958); See Palm Beach Isle Associates v. United States, 231 F.3d 1354, 1367 (Fed. Cir. 2000).

Here, it is clear from the deed, cited in plaintiff's complaint, that plaintiff Cecil F. Hill is not the record owner of the real property in question. Even assuming, for the sake of argument that Hill Property, Inc. is the appropriate plaintiff, it did not come in to title until October 10, 2001, which was five years after the fence was completed.

The taking occurred, if at all, at the time the condition causing the taking stabilized and land owner knew or should have known he had a cause of action. Dickinson v. United States, 331 U.S. 745 (1977). The fence was completed in November of 1996. Exhibit 2. Since the completion of the fence preceded ownership by the plaintiff by five years, and the fence was open and obvious at the time Hill Property, Inc. took title, there is no basis for standing. Indeed, it is strange that Hill Property, Inc., would take title without first resolving any issue of taking, encroachment, or other interest in a third party which apparently existed at the time of acquisition; clearly the fence was no secret to anyone. The suit must, thus, be dismissed for want of jurisdiction.

2. This Court Lacks Subject Matter Jurisdiction

Plaintiff's complaint prays for $842,000 damages in inverse condemnation. The Jurisdiction of the United States District Court is set by the terms of the Tucker Act 28 U.S.C. §1346(a). That act limits the U.S. District Court jurisdiction to suits under $10,000 in damages for inverse condemnation. 28 U.S.C. §1346(a)(2). Therefore, the instant lawsuit is beyond the jurisdiction of this honorable court and should be dismissed.

3. <u>The Postal Service may not be Sued in its own Name</u>

Plaintiff's complaint names as defendant the United States Postal Service, Complaint. The complaint states as a cause inverse condemnation. Complaint ¶ 10. Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. <u>Miller v. Tony and Susan Alamo Foundation</u>, 134 F.3d 910, 915 (8th Cit.1998). Since the Postal Service is empowered, "to exercise, <u>in the name of the United States</u>, the right of eminent domain for the furtherance of its official purposes" the United States is the only appropriate party defendant in suit. 39 U.S.C. §401(9), 28 U.S.C. 1346(a)(2)(emphasis supplied). If, therefore, the Postal Service has lawfully exercised the power of eminent domain, it was in the name of the United States and only the United States may be sued in inverse condemnation. 28 U.S.C. 1346(a)(2). With regard to an argument of inverse condemnation, it is well settled law that waivers of sovereign immunity must be unequivocally expressed in statutory text. <u>Miller</u> at 134 F.3d 915. The United States consent to be sued must be strictly construed in favor of the sovereign. <u>United States v. Nordic Village, Inc</u>., 503 U.S. 30, 34 (1992). In the absence of a waiver, the court lacks subject matter jurisdiction, <u>F.D.I.C. v. Mayer</u>, 510 U.S. 471, 475 (1994). The Tucker Act waives sovereign immunity only for claims "against the United States." the Plaintiff's claims under the Tucker Act may not proceed against the United States Postal Service.

B. <u>Exhaustion of Administrative Remedies: No Tort Claim May Lie</u>

It is axiomatic that the sovereign cannot be sued without its consent to be sued.

United States v. Sherwood, 312 U.S. 584 (1941). The terms of that consent define a federal court's jurisdiction to entertain such suit. United States v. Testan, 424 U.S. 392 (1976). The Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., "is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or officers acting within their official capacity." J. D. Pflaumer v. United States Department of Justice, 450 F. Supp. 1125 (E.D. Pa. 1978).

Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury. . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of any agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Moreover, 39 C.F.R. § 912.5, states:

> a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

Anderberg v. United States, 718 F.2d 976, 977 n.2 (10th Cir. 1983), cert. denied, 466 U.S. 939 (1984).

As the court in Stewart v. U.S. Veterans Admin., 722 F. Supp. 406 (W.D. Tenn. 1989), stated: "It is clear that the term 'filed' encompasses the receipt of the document by the office or person with whom the document is being filed." Id. at 408; Bailey v. United States, 642 F.2d 344 (9th Cir. 1981); Steele v. United States, 390 F.Supp. 1109 (S.D. Cal. 1975).

The requirement of the filing of an administrative claim is jurisdictional and cannot be waived. Garrett v. United States, 640 F.2d 24, 25 (6th Cir. 1981); Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 515 (6th Cir. 1974). See also Henderson v. United States, 785 F.2d 121 (4th Cir.1986); Wilkinson v. United States, 677 F.2d 998 (4th Cir. 1982), cert. denied, 459 U.S. 906 (1982); Kielwien v. United States, 540 F.2d 676 (4th Cir. 1976), cert. denied, 429 U.S. 979 (1976); Bradley v. United States, 856 F.2d 575, 577 (3d Cir. 1988); Peterson v. United States, 694 F.2d 943, 944-45 (3d Cir. 1982); Gleason v. United States, 458 F.2d 171, 173 (3d Cir. 1972); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); Hohri v. United States, 782 F.2d 227, 245 (D.C. Cir. 1986); Odin v. United States, 656 F.2d 798, 802 (D.C. Cir. 1981).

In quoting Peterson, the court in Bradley stated:

> the injured person must comply with the applicable terms and conditions prescribed by Congress, Honda v. Clark, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967), including strict observance of the limitations period, Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), which cannot be extended by equitable considerations. Gleason v. United States, 458 F.2d 171 (3d Cir. 1972) ... . Failure to observe the requirements of the [Federal Tort Claims] Act mandates dismissal.

Bradley at 578.

Plaintiffs have failed to file an administrative claim prior to the filing of the instant lawsuit. The Supreme Court of the United States recently ruled that "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106 (1993). The Court in McNeil, ordered dismissal of a suit brought prior to entering a claim or prior to denial within six months of an administrative claim. The court mentioned the practice in some District Courts of permitting the suit to stay on the docket pending consideration of a later-filed claim. The court found the bar to be absolute and jurisdictional requiring dismissal rather than any other course of action.

It is clear that neither the plaintiff Cecil F. Hill nor the record owner, Hill Property, Inc., has filed an administrative claim prior to the filing of the instant lawsuit in accordance with Federal Tort Claims Act. Exhibit 3. Therefore, this Court lacks subject matter jurisdiction over the claim of plaintiffs against the United States of America and the complaint should be dismissed.

### III. Conclusion

For all of the above reasons, the complaint should be dismissed or, in the alternative, judgment entered in favor of the defendant.

        Respectfully submitted,

        Thomas M. DiBiagio
        United States Attorney

By: _____/s/_____
    Allen F. Loucks
    Assistant United States Attorney
    6625 United States Courthouse
    101 West Lombard Street
    Baltimore, Maryland 21201-2692
    (410) 209-4800